PEOPLE, PLAINTIFF AND APPELLEE, *v.* AQUINO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in a Prosecution for Contempt by Perjury in Open Court.

No. 2157.—Decided May 31, 1924.

PERJURY—CONTEMPT—CONSTITUTIONAL RIGHTS.—The fundamental purpose of Act No. 41 of 1911 "To provide a summary punishment for perjury committed

in open court, and for other purposes,'' appears clearly from its title, from its section 2 and from its history, to wit: To punish speedily and effectively persons who, contrary to their oaths and failing in due respect to the courts and their own dignity, testify falsely. And the Act is constitutional if it is construed so that its application does not infringe the constitutional rights of the defendant to be informed of the charge against him, to be confronted by the witnesses for the prosecution and to be convicted only on lawful and sufficient evidence of the offense charged.

ID.—ID.—There are two stages in this class of cases in which the conscience of the judge is moved and acted upon. The first is if while the witness is testifying at a trial the judge becomes convinced that he is a perjurer and orders his arrest, fixing a day for his appearance. The second is when after having so acted, the judge investigates the case on its merits, hearing the evidence of both parties and finally rendering judgment in accordance with the evidence examined.

ID.—ID.—APPEAL.—When in such a case a person is convicted by a municipal court an appeal lies to the district court where the case shall be tried *de novo*. If the contempt is originally committed in a district court an appeal lies to the Supreme Court. As in all other appeals the basis on which the Supreme Court can act and decide is a transcript of the proceedings in the court below prepared in accordance with the law.

ID.—ID.—ID.—EVIDENCE.—The only evidence introduced by the prosecution in this case being the testimony of the accused, which was not contradictory in itself, and it being impossible to accept as sufficient the conviction of the trial judge as to the defendant's guilt at the time of issuing the order of arrest and appearance based on the evidence examined at another trial and entirely unknown to the appellate court, the appeal must be sustained and the defendant discharged for lack of evidence.

The facts are stated in the opinion.

*Messrs. Benet & Souffront* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This was a proceeding for contempt of court by perjury under special Act No. 41 of March 9, 1911.

The proceeding was begun by a rule to show cause reading in part as follows:

"Whereas, on this day and during the trial in open court in this District Court for the Judicial District of Mayagüez, P.R., of criminal case No. 4931 entitled The People of Porto Rico against Sixto Soto for attempt to kill and charging that said Sixto Soto attacked with a firearm Genaro Bassat, a human being, and inflicted upon him with the said firearm several incised wounds of a serious character with the intention to commit murder, Marcelino

Aquino was called to testify as a witness for the defendant and after having been duly sworn in open court by the clerk of the court he wilfully and contrary to the oath that he had taken testified that Genaro Bassat fired two revolver shots at Sixto Soto and that Soto fired three shots at Bassat, which testimony was false and malicious, inasmuch as Genaro Bassat had no revolver and received five wounds caused by five distinct shots.

"Whereas, the undersigned judge who presided at the trial of the said case is convinced that said witness Marcelino Aquino committed perjury in his testimony before the court in the manner aforesaid.

"Therefore, the undersigned judge, on his own motion, orders that Marcelino Aquino be arrested and held in the custody of the warden of the District Jail of Mayagüez, and he is hereby notified to appear in open court in this District Court for the Judicial District of Mayagüez at 9 a.m. on March 10, 1923, to show cause why he should not be punished for contempt of court. It is further ordered that the said Marcelino Aquino may give a bond of $500 in order to remain provisionally at liberty until his appearance to show cause for perjury in open court. Mayagüez, P. R., March 5, 1923."

On March 16, 1923, the date to which the hearing was postponed, the attorney for the accused and the district attorney appeared. The accused was arraigned and the following took place:

"The attorney for the accused, in his name and as a formal question, alleged that the rule or order by virtue of which this proceeding was begun did not state facts sufficient to constitute the crime of perjury, stating that he did so for the purpose of the record.

"The court overruled the defendant's motion, stating that the evidence in this case consisted of the testimony of the accused in open court and directing the clerk to read the testimony of the accused.

"The clerk read the testimony given by defendant Marcelino Aquino. (It is transcribed.)

"The judge asked the defendant whether he had any evidence and the defendant's counsel asked the court whether that was all of the evidence of the prosecution, to which the judge answered in the affirmative. Thereupon counsel for the defendant addressed the court as follows: 'The government should prove that this accused

committed perjury in open court and all that we have here is his own testimony, which is not contradictory in any respect and is consistent from beginning to end.'

       \*         \*         \*         \*         \*         \*         \*

"Counsel is reminded that this is a summary proceeding that lies when the court is convinced, as it is in this case, that in giving his testimony the witness knowingly and in violation of his oath spoke falsely and was cited for perjury in open court, i.e., for contempt of court, and this day was set for hearing him in his defense as to why he should not be punished for contempt. The court has read and ordered the clerk to read the order of the court and has read his testimony, and now the accused may present his evidence, if he be so advised.

"Defendant.—The question is simply this: The conviction of the court is a sufficient basis for issuing the rule to show cause, but in order to find the accused guilty the statute prescribes that the judge shall decide in accordance with the evidence. Therefore the judge must weigh the evidence as to whether the accused committed perjury.

"Judge.—The statute reads that on his own motion the judge shall cause the arrest and detention of the offender, and shall issue an order, to be served on the offending party, to appear and show cause why he should not be punished for contempt of court. Therefore, that is the order and this is the time when this accused should give his reasons, if any he have, why he should not be punished for contempt of court. Within a time fixed by the court the accused shall present his defense against the said citation, the court shall hear the testimony of the prosecution and of the defense, and after hearing the evidence shall render judgment in the case.

"The district attorney moved the court to admit in evidence the testimony given by Genaro Bassat at the previous trial at which the alleged contempt was committed, that is, the testimony taken in writing by the stenographer at the trial of Sixto Soto for the crime of attempt to kill. Counsel for the defendant objected and the court overruled the motion and refused to admit the said testimony."

Then the accused offered his evidence consisting of his own testimony and copies of the testimony given by Marcos Soto and José Paz at the trial for the crime of attempt to kill. The case was submitted and the judge rendered the following decision:

·''From the evidence the court is of the opinion that the law and the facts are against this accused. The court is convinced that in violation of his oath this accused unlawfully and knowingly gave false testimony in open court and before the jury. From the evidence it was sufficiently shown that Genaro Bassat had no revolver and did not use any weapon, but simply threw himself upon Sixto Soto and with his own hands disarmed him. Therefore, the court is of the opinion that this accused committed perjury in open court and sentences him to ten days in jail or to pay a fine of $20.''

The defendant appealed to this court and in his brief he assigns the following errors:

''The lower court committed manifest error of law in overruling the demurrer on the ground that the rule or order on which this case is based failed to state facts constituting a public offense.

''The lower court committed manifest errors of law and of fact and acted under the influence of prejudice against the appellant in weighing the evidence in this case and rendering judgment sentencing the appellant to ten days in jail or a $20 fine.''

The *Fiscal* of the Supreme Court opposed the first assignment of error and although he concluded his argument by asking that the judgment be affirmed, he said that he had grave doubts as to whether it was possible to adopt the view of the trial court in relation to the second assignment of error.

Neither of the parties cites jurisprudence directly in point. The Act is of recent enactment and perhaps is put in force for the first time in Porto Rico. In the case of *People* v. *Fourquet,* 17 P.R.R. 1037, Attorney General Foster V. Brown filed a report wherein he said that since his arrival in Porto Rico his attention was called to the prevalence of the crime of perjury in this country, and added:

. ''At the conference of Judges, *Fiscals* and Lawyers of the Islands, held in the Governor's Palace on November 17, 1910, a full discussion of this subject was had, and it was the unanimous opinion of that distinguished and representative body of men that appropriate legislation should be enacted to correct, if possible, this great evil. The difficulty which it presented appeared to be that

of finding and applying an effective remedy. To persons well acquainted and thoroughly conversant with conditions existing in Porto Rico the securing of conviction for this crime through trial by jury seemed to be well-nigh hopeless and impossible; that while juries appeared willing enough to convict in other classes of offenses, they hesitated and were reluctant to do so in perjury cases,—and the consensus of opinion which prevailed was that some provision should be incorporated into the law whereby perjury could be punished by the Judge of the Court, instead of having the matter submitted to a jury.

"The Conference did not undertake to adopt and recommend to the legislature what the remedy should be, but placed the matter in the hands of a committee of competent attorneys and judges. As a result of the labors of this committee, a bill was drafted, presented to the Legislature, and approved on March 9, 1911, in practically the form submitted, with the exception that the degree of punishment was considerably mitigated. The Act as passed is denominated 'An Act to provide a summary punishment for perjury committed in open court, and for other purposes.' "

In the case cited and in that of *People* v. *Valcourt,* 18 P. R.R. 471, this court, by Associate Justice MacLeary, considered carefully the said act and held that it was constitutional.

The Act contains four sections that should be considered as a whole for its proper construction. They read as follows:

"Section 1.—That when, during the trial of any case pending in any municipal or district court in Porto Rico, a witness shall appear and take an oath, or shall affirm that he will testify and depose truly before any such tribunal in any of the cases in which such an oath or affirmation may be administered, and after having taken such oath or affirmation, shall wilfully, and contrary thereto, state as true any material matter, which he knows to be false, or which he does not know to be true, is guilty of perjury; and when such oath or affirmation is taken in open court, and is violated as herein provided, then said witness is guilty of a contempt of court, and shall be punished as hereinafter provided. If the judge presiding in said case shall be satisfied, in any case pending in his court, that a witness, after taking the oath, or after having affirmed, as prescribed by statute, to testify truly in any matter pending in the

court, is guilty of perjury as herein defined, then it shall be the duty of said judge so trying the case, and he is hereby empowered on his own motion alone, to cause the arrest and detention of the party so offending, and he shall issue an order, to be served on the offending party, to appear and show cause why he should not be punished for contempt of court. The defendant shall, within a time to be fixed by the court, make his defense to the citation, and the court shall hear the testimony adduced by the prosecution and the defense, and after hearing the testimony shall pronounce judgment in the case. If the court is satisfied from the depositions which must be taken in writing that the party so cited has been guilty of perjury, then it shall be the duty of the court to punish him as for contempt of court, and the punishment for such contempt shall be a fine not exceeding one hundred dollars, or imprisonment in the district jail not exceeding three months, or both such punishments, in the discretion of the judge trying the case. Any person so convicted in a municipal court shall have a right to appeal to the district court, as in other criminal cases; and in case the contempt is originally committed in a district court, the party convicted in said district court shall have the right to appeal to the Supreme Court.

"Section 2.—The power given herein to the judge of any court to punish as for a contempt any perjury committed in open court is not to be understood as taking away from the courts the power and authority to punish for perjury as provided by the other statutes and laws of Porto Rico; but this is intended as a summary manner of dealing with cases of perjury committed in open court where the falsity of the testimony is apparent to the judge of the court.

"Section 3.—In case of a person being sentenced for perjury in proceedings for contempt of court and his being prosecuted in a criminal cause for the same offense, no evidence whatever of the order or sentence dictated by the judge nor anything related to said order shall be admissible.

"Section 4.—All laws, or parts thereof, in conflict herewith are hereby repealed."

The words of Attorney General Brown that we have transcribed explain the real origin of the Act. From its language its spirit and purposes can be deduced. And in order that its spirit and purposes may be complied with without violating constitutional provisions or impairing the

right of citizens under our institutions, it is necessary to construe the Act in harmony with those provisions and institutions.

The idea is to punish perjury speedily. To move the individual and social conscience. To punish without hesitation him who violates the sanctity of his oath and fails in the respect due to the courts of justice and his own manly dignity by testifying falsely. Can there be greater disrespect or more evident contempt than to deceive a judge in such a manner? For the punishment of the offender there should be a speedy and effective proceeding within the reach of the court. But that proceeding should secure at the same time all of the immunities that our institutions guarantee to every citizen.

Considering the said Act as a whole, it may be observed that there are two instances in which the conscience of the judge should move and act. The first is when upon hearing the testimony at the trial the judge is satisfied that the witness is a perjurer. Then it is the duty of the judge *motu proprio* to order the arrest of the witness, setting a day for the hearing. The second is when after having so acted, the judge investigates the case on its merits by hearing the evidence for the defendant and also that for the prosecution. In order that the law may be constitutional the accused should be informed of the charge clearly, the prosecution must offer evidence of the commission of the crime and the accused must be given an opportunity to defend himself, including his clear right to be confronted by the witnesses for the prosecution. The proceeding is summary, but every right should be equally secured.

The facts of the particular case now under consideration being examined in the light of the said principles, we are of the opinion that the first error assigned was not committed, but that the second was.

We think that the order of the court initiating the proceeding was sufficient. It describes the commission of the

criminal act and by virtue of it the accused could prepare his defense on sufficient information.

But the evidence was not at all sufficient and the attitude of the trial judge, as shown by his statements at the hearing with regard to his powers, was erroneous. The judge should not base the judgment on his first impression, which prompted him to begin the proceeding. Free from all prejudice he should proceed later to try the case on its merits, independently and in accordance with the evidence then heard by him.

The law expressly grants an appeal. How could the appellate court form an opinion if the trial judge reserved in his own conscience the evidence considered by him and not made known to the appellate court?

When an appeal is taken from a municipal court to a district court the district court holds a trial *de novo* because the municipal court is not a court of record. If the appeal is taken from a district court to the Supreme Court, the latter, by means of a transcript, must be placed in the same position in which the district court was when it rendered judgment.

We have examined carefully the testimony of Aquino, the only evidence for the prosecution, and must conclude, under the presumption that every man tells the truth, that it was true. He did not contradict himself. Certain questions put to him were based on other facts perhaps known to the trial judge, but of which we have no knowledge. The other testimony offered by the defendant corroborated the defendant's testimony.

Under such circumstances it is necessary to reverse the judgment and acquit the defendant.

*Reversed.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.